11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Cetric Deshun Allen

Appellant

Vs.                   No.
11-01-00340-CR --  Appeal
from Dallas County

State of Texas

Appellee

 

The jury found appellant guilty of aggravated
robbery and assessed his punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of  30 years. 
The jury also imposed a fine of $5,000 and made an affirmative finding
that appellant used or exhibited a deadly weapon during the offense.  We affirm.

The complainant testified that the robbery in
question occurred as he was completing a delivery of beer to a small grocery
store.   The delivery required the complainant
to make several trips back and forth from his delivery truck in order to fill
the store=s beer
order.  The complainant observed
appellant and an unidentified  taller
man standing near the entrance of the grocery store as he made his delivery.  When the complainant completed the delivery,
he traveled to the back of his delivery truck to secure the dolly which he used
to carry the beer.  As the complainant
was securing the dolly, a male approached him from behind and instructed the
complainant to give him complainant=s
money.  When the complainant turned
around to face the assailant, he observed appellant standing close to him.  The complainant testified that appellant
instructed him once again to give appellant his money.  Appellant then raised his shirt to reveal a handgun
located in the pocket of his pants.  The
complainant then gave his route money to appellant, at which time appellant
fled the scene on foot.








The complainant reentered the grocery store in
order to call the police.  He was
followed into the store by the taller man who he had previously observed
standing by the store=s
entrance.  The taller man asked the
complainant if he had just been robbed. 
The tall man subsequently left the store.  The complainant waited inside the store until the police arrived.

Three days later, the complainant made a beer
delivery to a club located across the street from the grocery store in
question.  The complainant testified
that, upon parking his delivery truck in the club=s
parking lot, he observed appellant and the taller man standing outside the
grocery store.  The complainant called
the police from inside the club.  He
remained in the club waiting for the police to arrive.  Prior to the arrival of the police, the
taller man and appellant entered the club. 
The taller man talked to the complainant for a few minutes.  Appellant and the taller man then left the
club.  The complainant testified that
appellant left the area of the grocery store and then returned wearing
different clothes.  

After waiting an hour for the police to arrive,
the complainant left the club to continue making his deliveries.  The complainant met a police car while
driving to the next delivery location. 
The police officer and the complainant returned to the grocery store.  Appellant was no longer there.  He was subsequently located standing in the
parking lot.  The complainant identified
appellant as his assailant.

Appellant brings one issue on appeal.   He contends that the trial court erred in
overruling his hearsay objection to testimony offered by the State.  The testimony in question was given by an investigator
hired by the complainant=s
employer to investigate the robbery. 
The investigator interviewed the complainant soon after the robbery
occurred.  The investigator testified as
to what the complainant told him about the events in question.  Appellant objected at the outset of the
investigator=s
testimony on the basis that the complainant=s
statements to the investigator constituted hearsay.  The State responded to the objection by asserting that the
statements were admissible as a prior consistent statement.  The trial court overruled appellant=s objection by permitting
the investigator to testify with respect to the statements made to him by the
complainant.  The investigator=s version of the events
were identical to the testimony offered by the complainant at trial.








TEX.R.EVID. 801(e)(1)(B) provides that a prior
consistent statement is not hearsay if: (1) the declarant testifies at trial;
(2) the declarant is subject to cross-examination concerning the statement; (3)
the prior statement is consistent with the declarant=s testimony at trial; and (4) the prior
statement is offered to rebut an express or implied charge against the
declarant of recent fabrication or improper motive or influence.  See Bolden v. State, 967 S.W.2d 895, 898
(Tex.App. B Fort Worth
1998, pet=n ref=d).  The trial court=s determination of the admissibility of
evidence under Rule 801(e)(1)(B) is reviewed under an abuse of discretion
standard.  See Bolden v. State, supra at
898.  Appellant concedes that the first
three elements of Rule 801(e)(1)(B) were met. 
However, he argues on appeal that there was no express or implied charge
against the complainant=s
testimony of recent fabrication, improper motive, or improper influence. 

Appellant=s
trial counsel ascertained from the complainant on cross-examination that the
complainant did not initially advise the police of any details concerning the
taller man.[1]  During the cross-examination of the police
officer who interviewed the complainant on the day of the robbery, appellant=s counsel brought up
inconsistencies between the police officer=s
recollection of what the complainant reported to him and the complainant=s testimony at trial.  These inconsistences involved the type of
gun carried by the assailant and the assailant=s
hair.  The record, therefore,
established that appellant=s
counsel placed emphasis on the fact that the complainant=s testimony at trial differed from what he had
earlier reported to the police.  The
investigator=s
testimony was not offered until these inconsistencies had been pointed
out.  As a result of appellant=s emphasis on
inconsistencies in the complainant=s
account of what transpired, we conclude that the trial court did not abuse its
discretion in implicitly determining that the investigator=s testimony was offered to
rebut a charge against the complainant of recent fabrication, improper motive,
or improper influence.  Appellant=s sole issue on appeal is
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

July 11, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The complainant explained this omission by testifying
that he only placed significance on the taller man=s involvement when he observed appellant and the taller
man together three days after the robbery on the grocery store=s parking lot.